201 N.J. Super. 593 (1985)
493 A.2d 637
DAVID KAPLOWITZ, AN INFANT BY HIS GUARDIAN AD LITEM, IRENE KAPLOWITZ AND IRENE KAPLOWITZ, INDIVIDUALLY, PLAINTIFFS,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division Middlesex County.
Decided February 11, 1985.
*596 Willard Geller for plaintiffs (Picone & Geller, attorneys).
Ralph E. Stubbs for defendant (Campbell, Foley, Lee, Murphy & Cernigliaro, attorneys).
SKILLMAN, J.S.C.
The issue presented by this case is whether a juvenile who steals an automobile to take a joyride and is involved in an accident may be excluded from personal injury protection (PIP) benefits under the No Fault Act. N.J.S.A. 39:6A-1 et seq.
Plaintiff, David Kaplowitz, then 15 years old, went to Metro Park train station with a friend to break into cars. The boys found a key in the glove compartment of a car and drove it around the vicinity of the station for about two hours. The incident ended with Kaplowitz losing control of the car and driving it into a tree. As a result, he suffered serious injuries for which he incurred significant medical expenses. He seeks reimbursement under the PIP provisions of his mother's automobile insurance policy.
In denying coverage, defendant, State Farm, relies upon N.J.S.A. 39:6A-7(a), which authorizes an exclusion from PIP *597 benefits for injuries suffered "while committing a high misdemeanor or felony." The State Farm policy contains an exclusion that tracks this statutory language.
Kaplowitz argues that N.J.S.A. 39:6A-7(a) does not apply because an offense committed by a juvenile constitutes "delinquency" (see N.J.S.A. 2A:4A-23), not a "high misdemeanor" or "felony." However, the premise of his argument is erroneous, since a juvenile may be tried as an adult and convicted of a crime under certain circumstances set forth in N.J.S.A. 2A:4A-26. Furthermore, as this case demonstrates, even a juvenile adjudicated "delinquent" is found guilty of a specific offense, which would constitute a crime or other penal violation if committed by an adult. N.J.S.A. 2A:4A-23. In other words, the Code of Juvenile Justice recognizes the obvious fact that juveniles are as capable as adults of committing serious crimes. It is solely the mode of trial and the disposition of the convicted offender that are different when a young person is tried as a juvenile, not the nature of the criminal act.
Viewed in this context, there is no reason to conclude that the Legislature intended to exempt juveniles from the prohibition against receipt of PIP benefits authorized by N.J.S.A. 39:6A-7(a). The evident policy behind this prohibition is to disqualify from PIP benefits those persons who have contributed to their own injuries by the commission of serious crimes. This policy applies as much to juveniles as to adult offenders.
It is also noteworthy that N.J.S.A. 39:6A-7(a) does not require "conviction" of a high misdemeanor or felony to bar benefits. The simple "commission" of such an act is sufficient, regardless of whether the insured is found guilty, is acquitted or is not tried at all. Stated another way, the operation of the prohibition against receipt of benefits turns solely on the nature of the act committed by the person, not on the outcome of proceedings within the criminal justice system. Therefore, *598 N.J.S.A. 39:6A-7(a) applies to juveniles who commit acts that are felonies or high misdemeanors to the same extent as to adults.
The remaining question is whether Kaplowitz was committing a "felony" or "high misdemeanor" at the time of the accident. The reference to "high misdemeanor" in the No Fault Act embraces any offense treated as a first, second or third degree crime under the Code of Criminal Justice. N.J.S.A. 2C:1-4(d). Although neither the No Fault Act nor the Code of Criminal Justice contains a definition of "felony," the Court concluded in State v. Doyle, 42 N.J. 334, 349 (1964), that only offenses that are punishable by more than one year in state prison should be treated as common law felonies. Hence, the term "felony" may embrace fourth degree crimes, which are punishable by imprisonment of as much as 18 months, N.J.S.A. 2C:43-6(a)(4), but it would not include disorderly persons offenses, for which the maximum term of imprisonment is 6 months. N.J.S.A. 2C:43-8.
In urging that Kaplowitz was committing a high misdemeanor or felony at the time of the accident, State Farm points to the fact that he pled guilty before the Juvenile and Domestic Relations Court to theft of an automobile, which is a crime of the third degree. N.J.S.A. 2C:20-26(b). However, even assuming Kaplowitz's conviction may be considered in this proceeding notwithstanding the restrictions upon admissibility of juvenile dispositions imposed by N.J.S.A. 2A:4A-48, this court would not be compelled to find Kaplowitz guilty of theft. Even a criminal conviction will only preclude relitigation of a factual issue that was "fully, fairly, and definitively litigated." Garden State Fire and Casualty Co. v. Keefe, 172 N.J. Super. 53, 59 (App.Div. 1980). However, "a plea-entry proceeding is not and does not purport to constitute a full and fair litigation of the issues. To the contrary, it represents a defendant's *599 option to forego such litigation and usually for reasons having little or nothing to do with the nature of the issues themselves." Id. at 60-61.
This observation has particular applicability to the present case. Kaplowitz's guilty plea was made in exchange for a promise of a non-custodial sentence. There is no indication the juvenile court even required him to demonstrate a factual basis for the plea. Therefore, it is appropriate to disregard the plea and to consider the actual circumstances of the accident as revealed by the police report and Kaplowitz's deposition, both of which were admitted into evidence, in determining whether he is barred by N.J.S.A. 39:6A-7(a) from receiving PIP benefits.
Kaplowitz asserted that his intention when the accident occurred was to complete his joyride and then to abandon the automobile in the area of the Metro Park Station. Nothing in the police report casts any doubt upon this assertion.
The offense of taking an automobile for the purpose of a joyride, as distinguished from assuming permanent possession, cf. N.J.S.A. 2C:20-3(a), is treated as a disorderly persons offense by the Penal Code. N.J.S.A. 2C:20-10 provides in relevant part that:
A person commits a disorderly persons offense if, with purpose to withhold temporarily from the owner, he takes, operates, or exercises control over any means of conveyance without consent of the owner or other person authorized to give consent.
Therefore, joyriding does not constitute a high misdemeanor or felony, which would bar an offender from receiving PIP benefits.
State Farm argues that Kaplowitz is nonetheless barred from receiving PIP benefits because he committed a burglary. It points out that under a recent amendment to N.J.S.A. 2C:18-2 (L. 1981, c. 290), entry into an automobile for the purpose of committing any offense is a burglary. It also points *600 out that Kaplowitz admittedly entered the automobile originally for the purpose of stealing stereo equipment. Consequently, State Farm contends that even if Kaplowitz's subsequent operation of the automobile otherwise would have been simply joyriding, his entry into the automobile was a burglary, a third degree crime, which would bar receipt of PIP benefits.
However, this court is satisfied that the burglary of the automobile was completed before the accident occurred. The crime of burglary consists of entering, N.J.S.A. 2C:18-2(a)(1), or surreptitiously remaining, N.J.S.A. 2C:18-2(a)(2), in a structure, including an automobile, for the purpose of committing an offense. Kaplowitz entered the automobile several hours before the accident, and his joyride around the streets in the area could not be considered surreptitious. Therefore, Kaplowitz was not committing a burglary when the accident occurred. Rather, he was taking a joyride. The Legislature has chosen to treat this activity as a disorderly persons offense and consequently it does not bar the receipt of PIP benefits under N.J.S.A. 39:6A-7(a). Cf. Meissner v. Aetna Casualty & Surety Co., 195 N.J. Super. 462 (Law Div. 1984), which characterized a fifteen year old's use of his mother's vehicle without her permission as a joyride and held that damages to the vehicle could not be recovered under the theft provisions of a comprehensive liability policy. Furthermore, even if there were doubt concerning the appropriate characterization of Kaplowitz's conduct at the time of the accident, that doubt should be resolved in his favor consistent with the legislative intent "to assure the broadest personal injury protection coverage to the named insured and members of his family residing in his household." Pennsylvania Nat'l Mut'l Cas. Co. v. Miller Est., 185 N.J. Super. 183, 189 (App.Div. 1982).
Therefore, an order will be entered declaring that Kaplowitz is entitled to receive PIP benefits for his medical expenses incurred as a result of the accident.