UNITED STATES of America, Appellee,

v.

Stephen A. BROWN,
Defendant–Appellant.

No. 1660, Docket 91–1009.

United States Court of Appeals,
Second Circuit.

Submitted June 13, 1991.
Decided June 25, 1991.

Michael M. Maloney, New York City (Robert Johnson, Jr., of counsel), for defendant-appellant.

Jonathan N. Halpern, New York City, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., and Samuel W. Seymour, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, NEWMAN and WINTER, Circuit Judges.

FEINBERG, Circuit Judge:

Defendant Stephen Anthony Brown appeals from a sentence imposed by the United States District Court for the Southern District of New York, Peter K. Leisure, J., upon Brown's plea of guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2, and unauthorized entry into the United States by a deported alien, in violation of 8 U.S.C. §§ 1326(a), (b). Because Brown was previously convicted in New Jersey of the "high misdemeanor" of drug possession, the district court determined that this would be Brown's second narcotics felony conviction, thereby subjecting him to a mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(B). The district court accordingly sentenced Brown to a prison term of 10 years to be followed by an eight-year term of supervised release. On appeal, Brown contends that section 841(b)(1)(B) does not apply to his sentence since his prior conviction was for a "high misdemeanor" rather than a "felony." For reasons given below, we affirm.

The facts of Brown's offense are not in dispute. In August 1989, Brown met with an unindicted co-conspirator in New York City at the S & B grocery store, which was Brown's establishment, and handed the co-conspirator a package containing approximately one-half kilogram of cocaine for delivery to another person in Minnesota for resale. The co-conspirator subsequently returned to the store and gave Carl Wilson, who worked at the store, the proceeds from the Minnesota sale. Wilson then gave the co-conspirator $2,000 in return.

In September, Brown was arrested at the Dallas–Ft. Worth Airport after a search of his luggage revealed over $42,000 in cash. A record check revealed that Brown had a prior drug conviction in New Jersey for possession of marijuana. Brown admitted that he was not born in the United States. Because Brown was unable to produce an alien registration card or number, he was eventually deported to Jamaica in October 1989.

Federal agents later learned that Brown had returned to New York in November and was continuing to engage in drug-trafficking activities. Brown was arrested in February 1990 and a subsequent search of the S & B grocery store revealed over 100 grams of cocaine, various drug-packaging materials and other drug paraphernalia, including hundreds of crack vials, over $1,400 in cash and documents bearing Brown's name. Brown was indicted in February 1990; in May, the government filed a superseding five-count indictment that included charges against Wilson. Wilson was arrested shortly thereafter.

Brown pled guilty to three counts in the superseding indictment in September 1990. In the presentence report, the Probation Department calculated that Brown's final Guidelines range was 78 to 97 months. However, the government had previously filed a prior-felony information against Brown pursuant to 21 U.S.C. § 851, alleging that Brown was subject to the enhanced penalty provisions of 21 U.S.C. §§ 841(b)(1)(B) and 846 because in 1985 he had been convicted in New Jersey under state law of a "high misdemeanor" for narcotics possession. The Probation Department accordingly determined that the present conviction was Brown's second nar-

cotics felony conviction, thereby subjecting him to a statutorily mandated minimum sentence of 10 years. See 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5G1.1(b) (where statutory minimum is greater than Guidelines range, statutory minimum is Guidelines sentence). In December 1990, Judge Leisure sentenced Brown to 10 years in prison pursuant to section 841(b)(1)(B). Brown is serving his sentence.

The sole issue raised by Brown on appeal concerns the use of his 1985 New Jersey conviction to enhance his sentence under section 841(b)(1)(B). The New Jersey statute describes the crime of which Brown was convicted as a "high misdemeanor." See N.J.S. § 24:21–20(a)(4), repealed by L.1987, c. 106, § 25, operative July 9, 1987. The minimum sentence of 10 years mandated by section 841(b)(1)(B) applies to defendants who have "one or more prior convictions for ... *a felony under any ... other law of a State* ... relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 841(b)(1)(B) (emphasis added). See also id. § 802(13), which applies to section 841(b)(1)(B) and defines "felony" to mean "any Federal or State offense classified by applicable Federal or State law as a felony." Brown argues that since his 1985 conviction was merely a "high misdemeanor" and not a "felony" under New Jersey state law, it could not be used to enhance his sentence under section 841(b)(1)(B). We disagree.

New Jersey does not classify its criminal offenses as misdemeanors or felonies. See N.J.S. §§ 2C:1–4, 2C:43–1; see also *New Jersey v. Doyle*, 42 N.J. 334, 200 A.2d 606, 613 (1964). Under New Jersey's scheme of classifying criminal offenses in use at the time of Brown's 1985 conviction, all crimes except treason and murder were labeled either "misdemeanors" or "high misdemeanors." *Doyle*, 200 A.2d at 613–14. Nonetheless, New Jersey courts have had to confront the issue of how to apply the term "felony" to the state's criminal laws. E.g., id. (whether the high misdemeanor of abortion could be classified as a felony, thereby justifying a warrantless arrest based on probable cause). Such cases have clearly established that under New Jersey

law, offenses punishable by more than one year in prison constitute common-law felonies. See, e.g., *id.*, 200 A.2d at 614; *Kaplowitz v. State Farm Mutual Automobile Insurance Co.*, 201 N.J.Super. 593, 493 A.2d 637, 639–40 (Law Div.1985).

Brown does not dispute that his 1985 New Jersey conviction was punishable by up to five years imprisonment, even though he only received a sentence of three years probation. Thus, the conviction was a "felony" under New Jersey law, and so the district court properly enhanced Brown's sentence under section 841(b)(1)(B). Indeed, Brown conceded in the district court that his 1985 New Jersey conviction was a "felony" for purposes of section 841(b)(1)(B), although he now contends otherwise.

The judgment of the district court is affirmed.