**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Claude ROLFE, Defendant–Appellant.**

No. 92–1677.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 19, 1993.

Decided June 25, 1993.

John A. Smietanka, U.S. Atty., Mark V. Courtade, Asst. U.S. Atty. (argued and briefed), Grand Rapids, MI, for plaintiff-appellee.

Lawrence J. Phelan (argued and briefed), Grand Rapids, MI, for defendant-appellant.

Before: KEITH and BOGGS, Circuit Judges; and GIBBONS, District Judge.*

KEITH, Circuit Judge.

Defendant–Appellant, Claude Rolfe, appeals his sentence imposed pursuant to his guilty plea to charges of drug conspiracy, money laundering and related offenses. For the reasons stated below, we **AFFIRM**.

### I.

In 1980, Rolfe was convicted in a Kent County, Michigan, Circuit Court of attempted possession of cocaine, in violation of M.C.L. § 750.92. Although the offense carries a two-year penalty, it is nevertheless termed a misdemeanor.[1]

On March 26, 1991, Rolfe was arrested after attempting to buy approximately 287 pounds of marijuana from undercover government agents. On April 1, 1991, the grand jury returned a two-count indictment charging Rolfe with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846 and possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a). On May 10, 1991, a superseding nineteen-count indictment was returned, charging Rolfe with ten separate offenses. The government then filed a Notice of Enhancement under 21 U.S.C. § 841(b)(1)(B), alleging that Rolfe's 1980 conviction in Michigan state court for attempted possession of cocaine constituted a drug felony, subjecting him to increased penalties.

Trial commenced on January 14, 1992. Following the third day of trial, Rolfe pled guilty to all the counts contained in the second superseding indictment. Within the Rule 11 plea agreement, Rolfe reserved the right to challenge the government's claim that his state conviction constituted a felony for purposes of enhancement under 21 U.S.C. § 841(b)(1)(B).

Rolfe objected to the Presentence Report recommendation to enhance his sentence based on the state court conviction. At sentencing, the district court entertained arguments on the issue and ruled that the enhancement provisions were applicable. The court determined that this would be Rolfe's second narcotics felony conviction subjecting him to a mandatory minimum sentence of ten years, pursuant to 21 U.S.C. § 841(b)(1)(B). Accordingly, the district court sentenced Rolfe to 15 years imprisonment to be followed by an eight-year term of supervised release. On May 21, 1992 Rolfe filed this timely appeal.

### II.

On appeal, Rolfe contends that § 841(b)(1)(B) does not apply to his sentence because his prior conviction was for a misdemeanor punishable by as much as two years in prison ("two-year misdemeanor") rather than for a "felony." Specifically, Rolfe argues that the 1980 conviction was labeled a misdemeanor and not a felony and thus should not be construed as a felony simply because of the two-year penalty. Since this is a question of law, this Court reviews the district court's determination de novo. See United States v. Hans, 921 F.2d 81 (6th Cir.1990).

During the sentencing proceedings, the district court cited United States v. Brown, 937 F.2d 68 (2d Cir.1991), in support of its holding that Rolfe's prior conviction for a two-year misdemeanor would sustain the enhancement of his sentence under 21 U.S.C. § 841(b)(1)(B). In Brown, the defendant pled guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. Brown had been previously convicted in New Jersey of drug possession, which is labeled a "high misdemeanor." The district court nevertheless determined that the "high misde-

---

\* The Honorable Julia S. Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation.

1. M.C.L. § 750.92 states in relevant part:
   If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than 5 years, or imprisonment in the county jail or by fine, the offender convicted of such attempt shall by guilty of a misdemeanor, punishable by imprisonment in the state prison or reformatory not more than 2 years or in any county jail not more than 1 year or by fine not to exceed 1,000 dollars....

meanor" conviction would be considered a felony for the purposes of sentencing, and therefore constitute Brown's second narcotics "felony" conviction. The court in *Brown* accordingly sentenced the defendant to a mandatory minimum of ten years pursuant to 21 U.S.C. § 841(b)(1)(B).

On appeal, the Second Circuit affirmed this conclusion noting that under New Jersey's scheme of classifying criminal offenses all crimes except treason and murder were labeled "misdemeanors" or "high misdemeanors." *Id.* at 70. Nevertheless, in spite of the label, the New Jersey courts viewed offenses punishable by more than one year as common law felonies. Thus, the Second Circuit determined that the district court properly enhanced Brown's sentence pursuant to § 841(b)(1)(B).

The Michigan Supreme Court has determined that "two-year misdemeanors" or "high misdemeanors" are felonies for the purpose of the habitual offender, probation, and consecutive sentencing provisions of the Michigan Code of Criminal Procedure. *See People v. Smith,* 423 Mich. 427, 378 N.W.2d 384 (1985). Moreover, because the Michigan Code defines "felony" as an offense punishable by more than one year in state prison, the Michigan Supreme Court held that an offense labeled a two-year misdemeanor under the Michigan Penal Code does fall within the definition of "felony." *Id.*

Rolfe argues that the State of Michigan considers two-year convictions "misdemeanors" for other purposes. Specifically, Rolfe cites to the Pistol Registration Statute (M.C.L. § 28.422), which prohibited pistol ownership only to citizens who had been convicted of a felony or had been incarcerated as a result of a felony conviction during the eight-year period immediately preceding the date of application.[2] Rolfe asserts that he was not considered a felon for purposes of the Pistol Statute because, at the time of his arrest on March 26, 1991, he possessed two

pistols properly registered with the Kent County Sheriff's Department.

Rolfe is correct that Michigan is not consistent in its use of the terms misdemeanor and felony, and that it does allow certain exemptions from the disabilities imposed by convictions for "two-year misdemeanors." Nevertheless, the stated purposes of both the state habitual offender statute and the federal sentencing enhancement statute are to punish recidivists more severely. *See United States v. Hughes,* 924 F.2d 1354 (6th Cir. 1991). This Court finds that the similarity in purpose between these two statutes outweighs any inconsistencies that are present among other unrelated code provisions, such as the Pistol Registration Statute.

This Court considers the two-year misdemeanor for attempted possession of cocaine a prior drug felony for purposes of sentencing enhancement under 21 U.S.C. § 841(b)(1)(B). Accordingly, we **AFFIRM** the sentence imposed by the Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan.

---

**2.** Since the time of Rolfe's arrest the Pistol Registration Statute has been amended. M.C.L. § 28.-422(3)(c), as amended, 1990, prohibits pistol ownership if the person has been convicted of a crime punishable by imprisonment for more than one year. However, subsection 8(a) states that:

"Crime punishable by imprisonment for more than one year" does not include a state offense classified by the state as a misdemeanor and punishable by imprisonment for 2 years or less.