25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose CERECERES-LOYA, Defendant-Appellant.
 No. 93-2242.
 United States Court of Appeals,
Tenth Circuit
 May 11, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 BALDOCK
 
 1
 Defendant Jose Cereceres-Loya was convicted of importation of more than one kilogram of heroin, 21 U.S.C. 9529(a), 960(a)(1), and possession with intent to distribute more than one kilogram of heroin, 21 U.S.C. 841(a)(1). Because Defendant had been previously convicted of a felony drug offense, Defendant was sentenced to a mandatory minimum term of twenty years imprisonment. 21 U.S.C. 960(b)(1)(A). Defendant appeals his sentence, and we have jurisdiction under 18 U.S.C. 3742.
 
 
 2
 Prior to trial, the government filed an enhancement information charging that Defendant had been convicted in Colorado state court on January 30, 1984, of the felony offense of unlawful use of heroin. See 21 U.S.C. 851 (outlining proceedings governing the establishment of prior convictions). Defendant filed objections to the enhancement information and requested a hearing. Without holding a hearing, the district court proceeded to sentence Defendant pursuant to the enhancement information.
 
 
 3
 Defendant raises numerous issues on appeal, and we affirm. Defendant raises several challenges to the validity of his prior conviction for the use of heroin. Section 851(e) states in pertinent part:
 
 
 4
 No person ... may challenge the validity of any prior conviction ... which occurred more than five years before the date of the information alleging such prior conviction.
 
 
 5
 21 U.S.C. 851(e). It is undisputed that Defendant's Colorado conviction occurred more than five years prior to the date of the enhancement information in this case. Accordingly, Defendant's challenges to the validity of his Colorado conviction are barred. See United States v. Williams, 954 F.2d 668, 673 (11th Cir.1992) (upholding constitutionality of 851(e)).
 
 
 6
 Defendant also claims that the district court erred in sentencing him pursuant to the enhancement information when the enhancement was based on a prior conviction then under collateral attack. Defendant failed to raise this issue below; as a result, he has waived it. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993).
 
 
 7
 Defendant next claims that the district court erred in sentencing him pursuant to the enhancement information because his Colorado conviction was for a "status" crime under Robinson v. California, 370 U.S. 660 (1962). In Robinson, the Supreme Court struck down a state statute that made it a crime to "be addicted to narcotics." Id. at 666-67. The Colorado statute at issue here, however, does not criminalize a person's status; instead, the statute criminalizes the use of heroin, and it is not unconstitutional for a state to punish a person for the use of narcotics. See, e.g., United States v. Blackner, 901 F.2d 853, 854 (10th Cir.1990); Yanez v. Romero, 619 F.2d 851, 852 (10th Cir.), cert. denied, 449 U.S. 876 (1980).
 
 
 8
 Defendant also claims, in a one-sentence statement, that his sentence violates the Equal Protection Clause. Because Defendant has made no argument nor cited any authority in support of this claim, we will not consider it. See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992) (court refused to address due process claim where appellants failed to provide supporting argument or authority).
 
 
 9
 Defendant next claims the district court erred in relying on his Colorado conviction to apply the twenty-year mandatory minimum because Congress never intended that "mere use of heroin" would trigger the enhancement. In support of this argument, Defendant cites United States v. Rolfe, 997 F.2d 189 (6th Cir.), cert. denied, 114 S.Ct. 412 (1993), and United States v. Brown, 937 F.2d 68 (2d Cir.1991), two cases in which the courts treated state crimes classified as misdemeanors as if they were felonies for purposes of 21 U.S.C. 841.
 
 
 10
 In both Rolfe and Brown, the courts treated the misdemeanors as felonies based on careful consideration of how the states at issue treated the crimes. In Rolfe, the court treated a Michigan "two-year" misdemeanor as a felony for purposes of 841 because Michigan itself treated two-year misdemeanors as felonies for purposes of the state's habitual offender, probation, and consecutive sentencing provisions. 997 F.2d at 191. Likewise, in Brown, the court treated a New Jersey "high misdemeanor," punishable by up to five years imprisonment, as a felony because the New Jersey courts determined that any crime punishable by more than one year in prison was to be considered a felony. 937 F.2d at 70. Defendant has not produced any evidence that Colorado treats the use of heroin as a mere misdemeanor for any purpose. Accordingly, we will not apply the reasoning of Rolfe and Brown.
 
 
 11
 Defendant also claims that his sentence violates the Eighth Amendment as it is disproportionate to his offense. In Harmelin v. Michigan, 111 S.Ct. 2680 (1991), the Supreme Court concluded that a sentence of life imprisonment without the possibility of parole for possession of 0.65 kilograms of cocaine base did not violate the Eighth Amendment. See also United States v. Easter, 981 F.2d 1549, 1556 (10th Cir.1992), cert. denied, 113 S.Ct. 2448 (1993). A fortiori, Defendant's twenty-year sentence for importation of more than one kilogram of heroin and possession with intent to distribute more than one kilogram of heroin, after having been previously convicted of a felony drug offense does not violate the Eighth Amendment.
 
 
 12
 Defendant's final claim is that the district court erred in failing to grant him an evidentiary hearing. We disagree. First, the court was not required to grant a hearing under 21 U.S.C. 851 because that statute mandates a hearing only for a challenge to the fact of a prior conviction--which Defendant has not raised--or a challenge to the validity of a prior conviction--which Defendant is barred from raising. See id. 851(c)(1). Moreover, the objections to enhancement Defendant presented to the district court consisted merely of a "laundry list" of conclusory statements without any supporting arguments or authorities. We conclude the district court was not required to conduct an evidentiary hearing.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470