

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# Phila Indemnity Ins v. Healy

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4780

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Phila Indemnity Ins v. Healy" (2005). *2005 Decisions.* Paper 68.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/68

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 04-4780 and 05-1115
_____

PHILADELPHIA INDEMNITY INSURANCE COMPANY

v.

ANDREA A. HEALY, an individual;
EARL M. EASTERLING, an individual;
JACQUELINE MCGOVERN, an individual;
CHRISTOPHER MCGOVERN, an individual
Appellants
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 03-cv-6170
District Judge: The Honorable Dickinson R. Debevoise
_____

Submitted under Third Circuit LAR 34.1(a)
November 16, 2005
_____

Before: BARRY and AMBRO, <u>Circuit</u> <u>Judges</u>, and POLLAK,[*] <u>District</u> <u>Judge</u>.
_____

(Opinion Filed: December 21, 2005)

---

[*]The Honorable Louis H. Pollak, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1

_____

OPINION

_____

POLLAK, District Judge:

This is a consolidated appeal from an order of the United States District Court for the District of New Jersey in which the court granted summary judgment to Philadelphia Indemnity Insurance Company ("Phila") in its suit for a declaration that it was not obligated to indemnify appellants Andrea Healy ("Healy") and Earl Easterling ("Easterling") in connection with personal injury claims asserted against them by appellants Jacqueline and Christopher McGovern ("the McGoverns").[1]

I.

Because we write primarily for the parties, we recite only those facts and aspects of the procedural history that are of particular pertinence to our analysis. We note that the District Court order being appealed was accompanied by a thorough opinion, and we refer the parties to that opinion's description of the background facts for detail lacking here.

---

[1] A default judgment had previously been entered against Healy and Easterling in Phila's declaratory judgment action, as they failed to timely answer Phila's complaint. Having later granted Phila's motion for summary judgment in the declaratory judgment action, the District Court denied Healy and Easterling's motion to set aside the default judgment because they could offer no meritorious defense (i.e. – there was no point in vacating the default judgment given that summary judgment would be rendered against them in any event). Because the merit of the motion to set aside default depends entirely on the propriety of summary judgment, we will consider this as a summary judgment case.

2

For purposes of our opinion, the following will suffice.

Healy, Easterling, and the McGoverns were involved in an altercation in the parking lot of an amusement park. During this altercation, Healy drove a van into Mrs. McGovern, pinning her against another vehicle and causing her serious injury. Healy was arrested in connection with the incident, and, while Healy and the McGoverns have always disputed whether Healy acted intentionally in driving the van into Mrs. McGovern, it is not disputed that Healy ultimately pled guilty to fourth degree assault by auto[2] and served a one-year prison term.

The McGoverns instituted a personal injury suit against Healy and Easterling in state court, and that suit was the impetus for the insurance dispute on which this appeal is based. The vehicle Healy drove into Mrs. McGovern was a van Healy had rented from a car rental agency. In connection with the rental, Healy entered a rental agreement that provided for primary auto liability insurance coverage and also contained the following clause: "USE RESTRICTIONS: The Vehicle will not be used or operated by anyone. . . during the commission of a felony. . . ." Healy also purchased a Supplemental Liability Insurance Excess Policy ("LIS Policy") in the amount of $1 million, and this policy, underwritten by Phila, is the subject of this appeal. The LIS Policy contains the following exclusion: "'Bodily injury' or 'property damage' arising out of the use, or permitting the

---

[2] "A person is guilty of assault by auto or vessel when the person drives a vehicle or vessel recklessly and causes either serious bodily injury or bodily injury to another. Assault by auto or vessel is a crime of the fourth degree if serious bodily injury results. . . ." N.J. STAT. ANN. § 2C:12-1c(1).

3

use, of a 'rental vehicle'. . . when such use is in violation of the conditions of the 'rental agreement.'"  A brochure describing the LIS Policy contains the following statement: "The program contains exclusions. . . .  Some of the LIS exclusions are the same as those found in most automobile liability insurance policies.  The following additional exclusions are brought to your attention since they are not customarily found in automobile insurance policies, but are contained in the excess automobile insurance liability policies, and therefore in LIS:  1. There is no protection if you or any Authorized Driver use or permit the use of the rental vehicle in violation of the terms of the Rental Agreement."

Considering the "felony exclusion" effected by the interplay of the rental agreement and the LIS Policy to be unambiguous, and finding no genuine issue of material fact regarding Healy's use of the rental van to commit a felony, the District Court decided the claims asserted by the McGoverns against Healy were excluded from coverage by the LIS Policy and granted summary judgment in favor of Phila.

Healy, Easterling, and the McGoverns appeal the District Court's order.

II.

The District Court had jurisdiction over Phila's declaratory judgment action pursuant to 28 U.S.C. § 1332, and this court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

4

Our review of a grant of summary judgment is plenary. *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 566 n.3 (3d Cir. 2002). Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

III.

A.

Healy and Easterling's primary argument on appeal is that the LIS Policy exclusion is ambiguous and should therefore be construed in their favor. They point out that the exclusion refers to violation of "conditions" of the rental agreement, while the only provision of the rental agreement that mentions commission of a felony is in a section denominated "use restrictions." They indicate the term "conditions" in the LIS Policy exclusion is not clearly defined and argue it is not clear that the term includes "use restrictions."

Phila urges that this argument was not properly preserved for appeal, and, in any event, we find no merit in it. Under New Jersey law, the words of an insurance policy should be given their plain, ordinary meaning. *Zacarias v. Allstate Ins. Co.*, 775 A.2d 1262, 1264 (N.J. 2001). While insurance policies are contracts of adhesion, and therefore ambiguities are construed against the drafting party, courts should not engage in a

5

strained construction of a policy to find ambiguity. *Id*.; *Gibson v. Callaghan*, 730 A.2d 1278, 1282 (N.J. 1999); *Progressive Cas. Ins. Co. v. Hurley*, 765 A.2d 195, 201-02 (N.J. 2001). One acceptable method of determining the plain, ordinary meaning of a word in an insurance policy is by referring to a dictionary or thesaurus. *Boddy v. Cigna Prop. & Cas. Cos.*, 760 A.2d 823, 827 (N.J. Super. App. Div. 2000).

We are satisfied Phila has met its burden of demonstrating that the "felony exlusion" of the LIS Policy is unambiguous and enforceable. *See Gibson*, 730 A.2d at 1283. As Phila points out, the Merriam-Webster Online Thesaurus provides the following synonyms and related words for the term "condition:" "provision," "terms," "limitation," and "restriction." The Merriam-Webster Online Dictionary[3] defines the word "condition" as "a premise upon which the fulfillment of an agreement depends" or "a restricting or modifying factor." Moreover, as a simple matter of common usage, we consider Healy and Easterling's contention – that the term "use restriction" in the rental agreement falls outside the scope of the term "condition" in the LIS Policy exclusion – facially unconvincing. Finally, we note that the brochure accompanying the LIS Policy also indicated violation of the "terms" of the rental agreement would preclude coverage; difficult as it is for us to imagine that an ordinary reader would not consider "use restrictions" to be "conditions," it is all the more difficult to conceive that a reader might fail to recognize that at least one of the words, "conditions" or "terms," embodies "use

---

[3] Both the Merriam-Webster Online Thesaurus and the Merriam-Webster Online Dictionary are available on the internet at http://www.m-w.com.

6

restrictions." We conclude that the supposed ambiguity in the LIS Policy exclusion is not "genuine," as the policy is not "so confusing that the average policyholder cannot make out the boundaries of coverage." *See Weedo v. Stone-E-Brick, Inc.*, 405 A.2d 788, 795 (N.J. 1979). We read the LIS Policy to exclude coverage for violation of the rental agreement's "use restrictions," one of which is use of the rented vehicle during commission of a felony.

B.

The next step in our inquiry is to determine whether Healy did in fact violate a "use restriction" of the rental agreement by using the vehicle during the commission of a felony.

In connection with this inquiry, Healy proffers an argument similar to that addressed above – that is, she asserts the term "felony" in the rental agreement is ambiguous, that it does not clearly include the offense to which she pled guilty, and that the term should be construed in her favor.

Once again, we are not persuaded that there is any relevant ambiguity in the rental agreement or LIS Policy. The term "felony" is not defined in the rental agreement or LIS Policy, and New Jersey does not use the traditional felony/misdemeanor nomenclature in its criminal code. However, the term "felony" has been defined by New Jersey courts as an offense punishable by more than one year in prison. *State v. Doyle*, 200 A.2d 606, 614

7

(N.J. 1964). Healy's conviction of the fourth degree offense assault by auto was punishable by up to 18 months in prison, and the District Court therefore concluded that Healy's offense was a felony. *See* N.J. STAT. ANN. § 2C:43-6a(4). Healy attacks the District Court's reliance on *Doyle* by pointing out that it was decided under a different penal code than is now in place in New Jersey and that it had nothing to do with insurance exclusions. However, Healy fails to cite any New Jersey case in which a different definition of the term "felony" was used. In order to sustain her claim of ambiguity, Healy must at least offer an alternative plausible meaning for the supposedly ambiguous term, but she fails to do so. Healy also fails to recognize that New Jersey courts have adopted the *Doyle* definition of a felony in insurance exclusion cases. *Kaplowitz v. State Farm Mut. Auto. Ins. Co.*, 493 A.2d 637, 639-40 (N.J. Super. L. Div. 1985); *Serio v. Allstate Ins. Co.*, 509 A.2d 273, 277 n.1 (N.J. Super. App. Div. 1986). Finally, we note that the New Jersey legislature has itself crafted an allowable auto insurance exclusion based on an insured's criminal conduct, and the statute uses the term "felony" in defining the exclusion. N.J. STAT. ANN. § 39:6A-7a(1)[4]. We are reluctant to fault an insurance company for drafting an insurance exclusion using the same terminology adopted by the

---

[4] "Insurers may exclude a person from benefits under sections 4 and 10 of P.L.1972, c. 70 (C.39:6A-4 and 39:6A-10), medical expense benefits provided in section 4 of P.L.1998, c. 21 (C.39:6A-3.1), and benefits provided in section 45 of P.L.2003, c.89 (C.39:6A-3.3), if that person's conduct contributed to his personal injuries or death occurred in any of the following ways: (1) while committing a high misdemeanor or felony or seeking to avoid lawful apprehension or arrest by a police officer. . . ."

state legislature in a similar context. Given all the above, we conclude that the term "felony," as used in the rental agreement and incorporated by reference into the LIS Policy: 1) is unambiguous, and 2) refers to an offense punishable by more than one year in prison.

IV.

The McGoverns' primary contention on appeal is that Healy's guilty plea to assault by auto in a criminal proceeding does not conclusively establish she committed that offense for purposes of this civil proceeding. While the body of New Jersey case law on this point is not a seamless web, we find that it offers greater support to the District Court's conclusion than to the McGoverns' position.

The basic rule that emerges from the New Jersey cases is that a criminal conviction is conclusive proof of commission of a crime, but not of the underlying facts. *Allstate Ins. Co. v. Schmitt*, 570 A.2d 488, 495 (N.J. Super. App. Div. 1990); *State v. Gonzalez*, 641 A.2d 1060, 1062 (N.J. Super. App. Div. 1994). The McGoverns cite the following cases for the proposition that a conviction entered pursuant to a guilty plea is not given preclusive effect in subsequent civil litigation: *Burd v. Sussex Mut. Ins. Co.*, 267 A.2d 7 (N.J. 1970); *Prudential Prop. & Cas. Ins. Co. v. Kollar*, 578 A.2d 1238 (N.J. Super. App. Div. 1990); *Garden State Fire & Cas. Co. v. Keefe*, 410 A.2d 718 (N.J. Super. App. Div. 1980); *State Farm Fire & Cas. Co. v. Connolly*, 852 A.2d 227 (N.J. Super. App. Div.

9

2004); and *Kaplowitz*, *supra*. We note at the outset that *Kollar*, *Keefe*, and *Burd* are readily distinguishable from the case at bar, as the holdings in those cases were limited to the following proposition: a person who has pled guilty to a crime should be permitted to litigate his *intent* in a subsequent civil proceeding. These holdings each applied the qualification on the rule cited above by refusing to accept a guilty plea as conclusive proof of intent, an issue of fact underlying the crime. These cases tell us nothing, however, about the body of the rule – that a guilty plea does conclusively establish that the defendant committed the crime – on which the District Court relied. *Connolly* is also distinguishable, though its holding seems to bear more closely on the rule applied by the District Court in this case. In *Connolly*, the court permitted a litigant who had previously pled guilty to an assaultive offense to dispute, in a subsequent civil proceeding, that he was even present at the scene of the crime. While one's absence from the crime scene clearly suggests he did not commit the crime at all, we think *Connolly*'s holding is still correctly conceptualized only as one that refuses to give a guilty plea preclusive effect as to the facts underlying the crime. Whether the *Connolly* court fully recognized the implications of its holding on the facts before it is not clear, but there is no language in *Connolly* to suggest the court intended to establish a new rule that guilty pleas are not conclusive proof of commission of the crime. Indeed, the *Connolly* court did not even cite, let alone attempt to distinguish, *Schmitt*, which, as further discussed below, explicitly held the opposite – guilty pleas are conclusive proof that the defendant committed the

10

crime.

We also note one critical characteristic common to each of the above cases – the insurance exclusion at issue was an exclusion for injuries either expected or intended by the insured. In order to apply this exclusion, the insurer was required to demonstrate something more than mere conviction of a crime; it had to prove some underlying facts about the crime in order to establish intent. This is not so in the case currently before us. The exclusion Phila attempts to apply in this case requires only that it demonstrate commission of a felony by the insured[5]. No showing regarding the underlying facts is required.

One final case cited by the McGoverns, *Kaplowitz*, is also distinguishable. The court in that case noticed an aberration in the plea proceeding at issue in that case – the juvenile court that accepted the guilty plea evidently did not require demonstration of a factual basis for the plea. It is understandable that the civil court would be reluctant to give the plea preclusive effect under such circumstances, circumstances that are not present in this case. In any event, we also note that *Kaplowitz* was decided by a New Jersey trial court in 1985, and to the extent it is inconsistent with *Schmitt* (which will be discussed in the next paragraph), *Schmitt* governs because it was decided more recently by a higher court.

---

[5] The exclusion also requires a showing that the injury for which exclusion is sought was inflicted "during" commission of the felony, but there is no dispute in this case that Ms. McGovern's injuries were sustained during Healy's commission of assault by auto.

11

*Schmitt, supra,* is the one New Jersey case we have found that bears directly on the issue under consideration here. Unlike the bulk of the cases cited by the McGoverns, *Schmitt* dealt with an insurance exclusion based on commission of a crime. The *Schmitt* court stated the previously cited rule in full: "Although a conviction may or may not be conclusive evidence of the underlying facts, it is to be accorded preclusive effect with respect to the insured's commission of the crime." 570 A.2d at 495. It then applied that rule in a context similar to that presented in this case and unlike that presented in any case cited by the McGoverns, holding the insured's guilty plea to be conclusive proof that he committed the crime for which exclusion was sought. The court therefore affirmed summary judgment in favor of the insurer based on the criminal exclusion. The McGoverns advance no argument and cite no case offering a persuasive ground for concluding that *Schmitt* should not control our decision in the case at bar. To the contrary, our examination of the New Jersey case law leads us to conclude that *Schmitt* states the proper legal rule to be applied in this case, and the District Court correctly reached the conclusion dictated by that rule.

The McGoverns offer one final argument for reversal of the District Court's judgment. They argue the felony exclusion contravenes public policy and should be declared per se invalid. This is a thinly supported claim backed up by one out-of-state case and half a paragraph of discussion. We find no merit in it. While the New Jersey courts have not yet passed on this precise question, we have difficulty believing they

12

would agree with the McGoverns given the settled New Jersey case law that auto insurance policy exclusions for intentionally inflicted injuries, as well as homeowner's policy exclusions for injuries caused by the insured's criminal recklessness, are consistent with public policy. *See Allstate Ins. Co. v. Malec*, 514 A.2d 832 (N.J. 1986); *Schmitt*, 570 A.2d at 493-94. The McGoverns cite no case suggesting that New Jersey courts would agree with their argument, and, given the existing case law that points the other way, we think it would be quite inappropriate for federal courts to expand the public policy of that state, the construction of whose laws is the paramount responsibility of its own judiciary, to a point that no New Jersey court has suggested it reach.

V.

In conclusion, we find the LIS Policy exclusion of liabilities resulting from violation of the conditions of the rental agreement to be unambiguous and enforceable. One of the rental agreement's conditions is the "use restriction" prohibiting use of the rental vehicle during commission of a felony. We also find the rental agreement's use of the term "felony" to be unambiguous and to refer to any offense punishable by more than one year in prison. Furthermore, we conclude Healy used the rented vehicle during commission of such an offense, as we agree with the District Court that Healy's guilty plea to fourth degree assault by auto, which is punishable by up to 18 months in prison, conclusively establishes, for purposes of this civil action, that she committed that offense.

13

Because there is no dispute that Healy pled guilty to a felony in connection with her use of the rental van, there is no genuine issue of material fact regarding her commission of that crime. Finally, we see nothing in the LIS Policy "felony exclusion" that offends the public policy of the state of New Jersey. These findings compel the conclusion that Phila had no duty to indemnify Healy for the tort claims asserted against her by the McGoverns in state court, and hence that the District Court correctly granted summary judgment in favor of Phila. We will therefore affirm.