243 N.J. Super. 150 (1990)
578 A.2d 1238
PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
ERNEST KOLLAR, SR., DEFENDANT-APPELLANT, AND ROY E. TERRELL, JOSEPH E. OLIVE AND GERALD S. HANNAGAN, JR., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1990.
Decided July 23, 1990.
*151 Before Judges LONG, GRUCCIO and LANDAU.
Michelle J. Douglass argued the cause for appellant (Horuvitz, Perlow, Morris & Pirolli, attorneys).
*152 Michael K. McFadden argued the cause for respondent (Todd, Gemmel, Nugent & Fitzgerald, attorneys; Gary L. Gardner, of counsel; Herbert B. Turkington, on the brief).
The opinion of the court was delivered by GRUCCIO, J.A.D.
Defendant Ernest Kollar, Sr. appeals from a judgment granting plaintiff Prudential Property & Casualty Insurance Company (Prudential) summary judgment in an action for declaratory judgment.
On May 21, 1986, Kollar's home and personal property were damaged by fire. Police later determined that one or more of defendants Roy E. Terrell, Joseph E. Olive and Gerald S. Hannagan, Jr. started the fire in an effort to conceal their burglary. Olive pled guilty to burglary and theft. Hannagan and Terrell pled guilty to burglary, theft and aggravated arson pursuant to plea agreements. By the terms of his agreement, Terrell was placed on probation. Had he been convicted after a trial, he could have received a five- to ten-year term of imprisonment on the arson count alone. Kollar's insurance carrier paid him for a portion of his loss, then filed a subrogation suit in his name against defendants Terrell, Olive and Hannagan. The gravamen of the complaint was that the fire was set by defendants either intentionally or negligently. Terrell engaged his own counsel as to the intentional claim. However, since he resided with his father, Clinton E. Terrell, he demanded that Prudential, under the provisions of his father's homeowner's policy, assume his defense and indemnify him with regard to the negligence counts of the complaint.[1] Prudential responded by bringing this action against Terrell, Kollar, Olive and Hannagan for a declaration that it was not required to defend or indemnify Terrell.
*153 Prudential moved for summary judgment. After oral argument the judge granted the motion and filed a letter opinion with complete findings of fact and conclusions of law as required under R. 4:46-2. In sum, the motion judge agreed with Prudential's contention that Terrell's guilty plea unequivocally established his intent to commit arson, thereby collaterally estopping him from relitigating the issue. Prudential, therefore, was not required to defend or indemnify Terrell in the subrogation action as his policy excluded from coverage acts "expected or intended by the insured."
On this appeal, we are asked to determine whether Terrell's plea of guilty to the charge of aggravated arson is so dispositive of his intent as to collaterally estop him from relitigating the issue, thereby allowing Prudential to disclaim its obligation to defend and indemnify Terrell.
The Prudential homeowner's policy issued to Terrell's father contained the following exclusion:
1. Coverage E  Personal Liability ... does not apply to bodily injury or property damage:
a. which is expected or intended by the insured.
By the terms of the policy, Terrell, as an additional insured, was not covered for property damage which he expected or intended.
Under our Code, a person is guilty of aggravated arson
if he starts a fire or causes an explosion, whether on his own property or another's:
....
(2) With the purpose of destroying a building or structure of another.... [N.J.S.A. 2C:17-1(a)].
Essential to a conviction on a charge of aggravated arson is a finding that the defendant started a fire with the purpose of destroying a building. The motion judge's conclusion that Terrell's conviction for aggravated arson proves his intent is based on this required finding of purposeful action.
Under Evid.R. 63(20), a party's judgment of conviction on an indictable offense is admissible against him to prove any *154 fact essential to sustain the conviction. The rule, however, does not make the conviction conclusive proof of the underlying facts. Burd v. Sussex Mutual Ins. Co., 56 N.J. 383, 397, 267 A.2d 7 (1970). In Burd, the insured was convicted of atrocious assault and battery for firing his shotgun in the dark while drunk, injuring a man. Id. at 398, 267 A.2d 7. In convicting the insured, the jury apparently rejected his intoxication defense. On appeal of the dismissal of the victim's subsequent subrogation suit by the insured's carrier, the Supreme Court held that collateral estoppel should not be applied as it was not clear that the jury found facts which would be decisive with respect to the insurance controversy. Id. at 397-399, 267 A.2d 7. Although the insured's voluntary intoxication did not negate the intent required to support his criminal conviction, it could have been sufficient to negate the intent encompassed by the policy. Id. at 398-399, 267 A.2d 7.
Similarly, Terrell's conviction for aggravated arson could have been based on findings which would not have precluded his indemnification under the insurance contract. At his plea hearing, Terrell stated that he did not start the fire in Kollar's house. Rather, he stated that he was outside loading the stolen goods into a truck when Olive started the fire to conceal their burglary. The judge accepted Terrell's plea and found there was a factual basis for it, as Terrell shared a common criminal purpose with Olive. Therefore, he determined that Terrell was criminally liable for the arson without finding that he actually started the fire. Here, Terrell's arson conviction standing alone does not establish that he intended the property damage which resulted. Thus, as his conviction was not necessarily based on a factual finding which would be decisive of the insurance controversy, collateral estoppel should not have been applied. Id. at 397, 267 A.2d 7.
We have applied collateral estoppel only where the conviction definitively and unambiguously established the nature of the insured's intent and where such conviction was the result *155 of a trial, not a plea. New Jersey Manufacturers Ins. Co. v. Brower, 161 N.J. Super. 293, 300, 391 A.2d 923 (App.Div. 1978). A party is collaterally estopped from relitigating an issue only where he has had a full and fair opportunity to litigate it in a previous action. Id. at 298-299, 391 A.2d 923. A plea proceeding is not such a full and fair litigation of the issues. Rather, as Judge Pressler held in Garden State Fire & Cas. Co. v. Keefe, 172 N.J. Super. 53, 60-61, 410 A.2d 718 (App.Div.), certif. den., 84 N.J. 389, 420 A.2d 317 (1980), it represents the decision of the defendant "to forego such litigation and usually for reasons having little or nothing to do with the nature of the issues." Terrell may not, therefore, be precluded from relitigating the issue of his intent.
Further, an innocent third-party victim, such as Kollar, should not be estopped from effectively recovering against a defendant and his insurer when the defendant, for whatever reason, elects to enter a plea of guilty. The motives for the State and a criminal defendant to make a plea agreement are many. The State may be seeking to conserve its scarce resources by avoiding a trial and a defendant may be attempting to secure his freedom or at least a reduced term of incarceration. Such reasons have little or nothing to do with the determination of the issues in the insurance action. In fact, the third party is very rarely even notified of the plea proceedings. It is, therefore, inequitable and unjust to preclude a third party from fully and fairly litigating an issue based on the entry of a guilty plea pursuant to an agreement.
These holdings are consistent with those in other states which have reached the issues. Several states have held that an insured, such as Terrell, who is charged criminally and accepts a plea agreement may relitigate issues which are established by his admission of guilt thereunder. Brohawn v. Transamerica Ins. Co., 276 Md. 396, 347 A.2d 842, 845 (1975); Glens Falls Group Ins. Corp. v. Hoium, 294 Minn. 247, 200 N.W.2d 189, 190-192 (1972); Safeco Ins. Co. of America v. McGrath, 42 Wash. App. 58, 708 P.2d 657, 660-661 (1985). This *156 is also the position of the Restatement of Judgments. 2 Restatement, Judgments, § 85, comment b. at 296 (1982). The highest courts of Iowa and Wisconsin have held that an injured third party, such as Kollar, is not precluded from relitigating in a civil action an issue which was established by an insured's guilty plea pursuant to a plea agreement. AID Ins. Co. (Mutual) v. Chrest, 336 N.W.2d 437, 440-441 (Iowa 1983); Peterson v. Maul, 32 Wis.2d 374, 145 N.W.2d 699, 704 (1966).
Terrell's acceptance of the very favorable sentencing recommendation in exchange for his guilty plea may have had little or nothing to do with his actual responsibility for the arson damage. Thus, it would be unfair for Terrell and the victim of his conduct, Kollar, to be precluded from seeking civil recovery by Terrell's "entirely unilateral and self-interested decision to waive trial of the criminal charge." Garden State Fire & Cas. Co., 172 N.J. Super. at 61, 410 A.2d 718.
By Terrell's guilty plea and the motion judge's grant of summary judgment here, Kollar, an innocent victim, was denied the opportunity to recover on a verdict after a trial assessing Terrell's true intent. Terrell himself was denied the opportunity to establish the nature of his actions by the prosecution's rather attractive plea offer. Thus, the issue of Terrell's intent has not been accorded a full and fair litigation. As there remain factual disputes surrounding this issue, the application of collateral estoppel and the imposition of summary judgment were inappropriate.
Reversed.
NOTES
[1] Prudential entered a defense of Terrell with regard to the negligence counts of the complaint, reserving its rights with regard to indemnification.