447 S.E.2d 1

**STATE ex rel. Lisa LEACH and Dennie Leach, Plaintiffs Below, Petitioners,**

v.

**Honorable E. Lee SCHLAEGEL, Judge of the Circuit Court of Lincoln County,**

and

**Mark Adams, Defendant Below, Respondent.**

No. 21910.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 1994.

Decided July 8, 1994.

a writ of prohibition against the Honorable E. Lee Schlaegel, Judge of the Circuit Court of Lincoln County, to prevent the enforcement of an order vacating a prior judgment in their favor for damages arising out of a domestic violence civil action. We agree with the Petitioners that the doctrine of collateral estoppel prevents relitigation in a civil setting of issues already resolved in a criminal setting. We therefore grant the requested writ and order the reinstatement of the judgment order in favor of the Petitioners.

## I.

Petitioner Lisa Leach and Respondent Mark Adams were divorced on August 6, 1990, and are the parents of Kimberly and Natasha Adams. Ms. Leach and her present husband, Petitioner Dennie Leach, allegedly suffered harassment, abuse, and assault by Mr. Adams from approximately October 1990 through May 1991. On April 21, 1991, Mr. Leach was hospitalized subsequent to a battery allegedly committed by Mr. Adams. Mr. Adams pleaded guilty to that battery in the Magistrate Court of Lincoln County on June 7, 1992, and served twenty-four hours in jail.[1]

In October 1991, the Petitioners filed a civil action in the Circuit Court of Lincoln County seeking damages for the various assaults of Mr. Adams and $1450 for medical expenses incurred as a result of the battery of Mr. Leach by Mr. Adams. Although Mr. Adams failed to file any responsive pleading, he did attend a pretrial conference on January 13, 1992. At that time, trial was scheduled for March 3, 1992, at 9:30 a.m. Mr. Adams also appeared, through counsel William H. Rardin, on February 10, 1992, requesting a continuance of the trial scheduled for March 3, 1992. Noting a scheduling conflict, the lower court granted the continuance. No answer on behalf of the defendant Mr. Adams had yet been filed. Another pretrial conference was held in October 1992, and trial was scheduled for December 8, 1992. Although Mr. Adams had still not filed an answer, he received notice of the trial date.

Daniel F. Hedges, Charleston, for petitioners.

Carson Nicholas Bryan, Hamlin, for respondent Mark Adams.

PER CURIAM:

Petitioners Lisa Leach and Dennie Leach, husband and wife, request this Court to issue

---

1. Mr. Adams now alleges that he pleaded guilty to the battery only in reliance on statements allegedly made by the Petitioners to the effect that the matter would not be mentioned again.

Mr. Adams and Ms. Leach were also involved in a child support dispute and other post-divorce related matters in the lower court. Mr. Adams was initially represented in that action by William H. Rardin and subsequently by Carson N. Bryan. On November 18, 1992, Ms. Leach and Mr. Adams attended a child support proceeding and discussed the pending trial scheduled for December 8, 1992. According to the testimony of Ms. Leach, Mr. Adams indicated no interest in attending the pending trial.

On the scheduled trial date of December 8, 1992, the lower court and the Petitioners waited for the appearance of Mr. Adams. He did not appear, and according to employees within the office of the lower court, no telephone calls were received regarding his absence.[2] Mr. Bryan, counsel for Mr. Adams in the child support dispute, was present but indicated that he was not representing Mr. Adams in the assault matter.[3]

In Mr. Adams' absence, a judgment was entered against him in the amount of $5,675.30. On March 5, 1993, Mr. Bryan, as counsel for Mr. Adams, filed a Rule 60(b) motion for relief from the judgment. *See* W.Va.R.Civ.P. 60(b). In arguments held June 3, 1993, Mr. Adams contended that although he had not planned to call any witnesses in his behalf, he had intended to testify that he had not committed the battery to which he had previously pleaded guilty. Finding that Mr. Adams had not been present because of mechanical difficulties with his vehicle, the lower court entered an order granting the motion for relief from judgment on August 5, 1993.

## II.

The Petitioners contend that Mr. Adams was not entitled to contest liability since he did not file a responsive pleading[4] and that, due to Mr. Adams' conviction for the underlying battery, he was estopped from denying liability at the subsequent civil proceeding involving the same allegations.

In syllabus point 1 of *Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216 (1983), we explained the following:

" 'An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res judicata.*' Point 1, Syllabus, *Sayre's Adm'r v. Harpold,* 33 W.Va. 553 [11 S.E. 16] [1890]." Syllabus Point 1, *In re Estate of McIntosh,* 144 W.Va. 583, 109 S.E.2d 153 (1959).

171 W.Va. at 586, 301 S.E.2d at 217. Further, in syllabus point 2 of *Conley,* the Court explained as follows:

Collateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit. We have made this summary of the doctrine of collateral estoppel:

"But where the causes of action are not the same, the parties being identical or

---

2. Mr. Adams disputes this allegation and maintains that he telephoned the court and was informed that he was too late.

3. As a subsidiary issue, we briefly address the fact that counsel representing Mr. Adams on a related issue, that of child support, was apparently present on the day of the scheduled trial of this matter. In the child support action pending between Ms. Leach and Mr. Adams, Mr. Adams was represented by Mr. Bryan. On December 8, 1992, the date of the trial on the assault matter, Mr. Bryan was present but indicated that he was not representing Mr. Adams in the assault action. When Mr. Adams later moved to set aside the judgment rendered in his absence on December 8, 1992, Mr. Bryan represented him.

4. Rule 8(d) of the West Virginia Rules of Civil Procedure provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

in privity, the bar extends to only those matters which were actually litigated in the former proceeding, as distinguished from those matters that might or could have been litigated therein, and arises by way of estoppel rather than by way of strict *res adjudicata.*" *Lane v. Williams,* 150 W.Va. 96, 100, 144 S.E.2d 234, 236 (1965).

171 W.Va. at 586, 301 S.E.2d at 217.

 In addressing the application of collateral estoppel where an individual convicted of a criminal offense faces subsequent civil allegations based upon the same activity, we have explained that "[t]he adjudication of a killing which results in a voluntary manslaughter conviction conclusively establishes the intentional nature of that same act for the purposes of any subsequent civil proceeding." Syl. Pt. 4, *Baber v. Fortner ex rel. Poe,* 186 W.Va. 413, 412 S.E.2d 814 (1991). In *Baber,* however, the individual had been found guilty of the offense by a jury; in the present case, Mr. Adams pleaded guilty to the offense. *Id.* at 415, 412 S.E.2d at 816. While this particular distinction is not addressed in the briefs, we note that it presents a compelling question of whether the lack of actual litigation of the issues in the criminal forum precludes the application of collateral estoppel. Upon evaluation of the issue, however, we find the distinction to be of little consequence. Although this Court has not spoken directly to this issue, other jurisdictions have conclusively held that a guilty plea is, for purposes of collateral estoppel, equivalent to a conviction subsequent to trial. *See,* e.g., *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,* 157 Misc.2d 198, 595 N.Y.S.2d 999 (1993). Several jurisdictions have even codified this principle, specifically providing, for instance, that "[a] defendant convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding brought by the victim or this state against the criminal defendant the essential allegations of the criminal offense of which he was adjudged guilty, including judgments of guilt resulting from no contest pleas." Ariz.Rev.Stat.Ann. § 13–807.

As Professor Geoffrey C. Hazard, Jr. has written, "[t]he clearest case for such an estoppel is where a defendant pleads guilty to a substantial criminal charge and then seeks in civil litigation concerning the same transaction to assert that he did not commit the criminal act." Geoffrey C. Hazard, *Revisiting the Second Restatement of Judgments: Issue Preclusion and Related Problems,* 66 Cornell L.Rev. 564, 578 (1981).

Mr. Adams' primary argument in defense of the application of collateral estoppel is that the previous conviction does not automatically collaterally estop him from raising defenses in a subsequent civil action because the application of the doctrine is within the discretion of the lower court. Indeed, we have stated that the feasibility of applying the principle is within the discretion of the lower court. *Conley,* 171 W.Va. at 592, 301 S.E.2d at 224. However, the present case, much like *Baber,* presents us with a compelling argument for the application of the doctrine. Mr. Adams had pleaded guilty to the battery offense within the criminal setting. His present contention that his guilty plea was based upon the Petitioners' assurances that the matter would not be thereafter mentioned is not convincing. Other than that rather unpersuasive attempt to justify his guilty plea, Mr. Adams has not presented any meritorious grounds for evading the application of collateral estoppel.

We conclude that Mr. Adams' guilty plea to battery within the criminal context collaterally estops him from denying that very action in a subsequent civil action. Such application of the doctrine of collateral estoppel is quite appropriate in the present case, and the lower court's failure to recognize and implement that principle was in error. We therefore grant the requested writ and order the reinstatement of the original judgment order in favor of the Petitioners.[5]

Writ granted.

---

5. Assuming arguendo that we accepted the lower

court's evaluation of Mr. Adams' failure to ap-

pear for trial, this matter would still require reinstatement of the original judgment order in favor of the Petitioners. Specifically, even if Mr. Adams' failure to appear for trial could be justified under a Rule 60(b) analysis, the doctrine of collateral estoppel would have prevented him from denying the commission of actions to which he already admitted by pleading guilty to the criminal charge. Mr. Adams stated that the only evidence he intended to introduce was his own testimony regarding his innocence of the original battery. Having based our decision upon the application of collateral estoppel, we find no reason to further address any justification for the failure of Mr. Adams to appear for trial.