154 P.3d 364

Juan PICASO and Maribel Picaso, husband and wife, individually and as surviving parents of Benjamin Picaso, deceased, Plaintiffs/Appellants,

v.

TUCSON UNIFIED SCHOOL DISTRICT, Defendant/Appellee.

No. 2 CA–CV 2005–0174.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 13, 2007.

Copple, Boehm & Murphy, P.C., By Steven D. Copple, Tucson, and Scott E. Boehm, Phoenix, for Plaintiffs/Appellants.

Mesch, Clark & Rothschild, P.C., By Gary J. Cohen and Richard Davis, Tucson, for Defendant/Appellee.

*OPINION*

HOWARD, Presiding Judge.

¶ 1 In this wrongful death action, appellants Juan and Maribel Picaso challenge the trial court's decision regarding the admission into evidence and preclusive effect of Maribel's guilty plea to misdemeanor child abuse based on the events that led to this action. The Picasos argue the trial court erred by applying A.R.S. § 13–807 to this case, apply-

ing collateral estoppel (issue preclusion), and admitting evidence of the guilty plea. Because we find the trial court erred by ruling that Maribel's guilty plea precluded her from contradicting any issues involved in the plea or explaining her reasons for entering the plea, we reverse.[1]

## Background

¶2 The facts necessary to resolve this appeal are undisputed. In September 2001, the Picasos' fourteen-month-old son, Benjamin, was struck and killed by a Tucson Unified School District (TUSD) bus in the street in front of the Picasos' home. Maribel later pled guilty to a misdemeanor child abuse charge for not noticing that Benjamin had left the house unsupervised.

¶3 The Picasos subsequently filed a wrongful death action against TUSD alleging that the bus driver's negligence caused Benjamin's death. TUSD filed a motion in limine seeking to preclude Maribel from denying the essential allegations of her guilty plea pursuant to § 13–807. The Picasos opposed that motion and filed a cross-motion in limine seeking to prevent the admission of evidence of Maribel's plea altogether. The trial court reasoned that § 13–807 applied and precluded Maribel from denying that she was negligent and a cause of Benjamin's death. The court also denied the Picasos' cross-motion, ruling that the plea evidence was admissible as an "admission against interest."

¶4 The case proceeded to trial. The trial court, pursuant to its ruling on the motion in limine, precluded the Picasos from presenting any evidence explaining why Maribel had pled guilty. It also instructed the jury that Maribel had negligently permitted Benjamin "to be placed in a situation where his person or health was endangered" and that this "negligence was a cause of Benjamin's death." The jury returned a verdict for TUSD. The Picasos moved for a new trial, reasserting their argument that the trial court erred by precluding Maribel from con-

tradicting the elements of the misdemeanor charge or explaining her reasons for pleading guilty. At a hearing on that motion, TUSD mentioned common law issue preclusion for the first time. Then, in a supplemental memorandum the trial court had requested on the legislative history of § 13–807, TUSD argued for the first time that issue preclusion provided an independent basis supporting the trial court's ruling. The trial court denied the Picasos' motion, ruling that preclusion was proper either under § 13–807 or common law issue preclusion and "prevented a waste of time or confusion of the issues for the jury." This appeal followed.

## Admissibility of Plea Agreement

¶5 The Picasos argue that evidence of Maribel's guilty plea was inadmissible because Rule 609, Ariz. R. Evid., 17A A.R.S., "limits the admission of prior convictions to impeachment." We review the trial court's decision admitting evidence for an abuse of discretion and resulting prejudice. *See Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, ¶59, 92 P.3d 882, 898 (App.2004).

¶6 Rule 609 applies to evidence of criminal convictions introduced "[f]or the purpose of attacking the credibility of a witness." Ariz. R. Evid. 609. TUSD did not seek to introduce evidence of Maribel's plea to attack her credibility, but rather, to prove her negligence had caused Benjamin's death. As the Picasos conceded at oral argument, evidence of the plea was admissible for this purpose. *See* Ariz. R. Evid. 801(d)(2)(A) (statement by party-opponent is nonhearsay); *Hays v. Richardson*, 95 Ariz. 263, 267, 389 P.2d 260, 263 (1964) (plea of guilty in criminal proceeding admissible in civil proceeding based on same facts). Accordingly, the trial court did not abuse its discretion by admitting evidence of Maribel's guilty plea.[2]

## Application of A.R.S. § 13–807

¶7 The Picasos next argue the trial court erred by ruling that § 13–807 preclud-

---

1. Because we reverse the trial court's preclusion decision, we need not address the Picasos' remaining arguments, including the issue of whether the jury instructions violated article XVIII, § 5 of the Arizona Constitution.

2. The plea agreement itself and the transcript of the change-of-plea hearing were presented to the trial court and included in the record, but were not given to the jury.

ed Maribel from denying the facts of the offense or explaining the reasons she entered the misdemeanor guilty plea.[3] The application of § 13–807 is an issue of law that we review de novo.[4] *See Amparano v. ASARCO, Inc.*, 208 Ariz. 370, ¶ 14, 93 P.3d 1086, 1091 (App.2004) (interpretation of statute reviewed de novo).

¶ 8 "The goal of statutory construction is to determine and give effect to the intent of the legislature." *Allstate Ins. Co. v. Universal Underwriters, Inc.*, 199 Ariz. 261, ¶ 8, 17 P.3d 106, 109 (App.2000). " '[A] statute's language is the most reliable index of its meaning." ' *Bridgestone/Firestone N. Am. Tire, L.L.C. v. A.P.S. Rent–A–Car & Leasing, Inc.*, 207 Ariz. 502, ¶ 15, 88 P.3d 572, 576 (App.2004), *quoting State v. Sepahi*, 206 Ariz. 321, ¶ 16, 78 P.3d 732, 735 (2003). Accordingly, "[i]f the statute is clear and unambiguous, we apply the plain meaning of the statute." *Hourani v. Benson Hosp.*, 211 Ariz. 427, ¶ 7, 122 P.3d 6, 10 (App.2005).

¶ 9 Section 13–807 provides that "[a] defendant convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding *brought by the victim or this state against the criminal defendant* the essential allegations of the criminal offense of which he was adjudged guilty."[5] (Emphasis added.) But Maribel, the defendant in the prior criminal proceeding, had no civil action brought against her; rather, TUSD was the party sued by the Picasos. The statute by its language applies only if the criminal de-

fendant is also later the civil defendant.[6] There is no uncertainty about whether the statute applies to preclude Maribel from contesting the issues concerning her liability, and we apply its plain meaning. *See Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). Because § 13–807 cannot possibly apply here, the trial court erred by applying it.[7]

## Issue Preclusion

¶ 10 Nevertheless, as TUSD argues, we may affirm the trial court if its ruling is correct, even if for an incorrect reason. *See Wolfinger v. Cheche*, 206 Ariz. 504, ¶ 58, 80 P.3d 783, 796 (App.2003). TUSD argues the trial court's ruling was correct because common law issue preclusion barred Maribel from denying the elements of her conviction. Application of issue preclusion is a question of law that we review de novo. *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, ¶ 8, 62 P.3d 966, 968 (App.2003).

¶ 11 Issue preclusion bars a party from relitigating an issue if (1) the issue was "actually litigated" in a prior proceeding; (2) the party had a full and fair opportunity to litigate the issue in the prior proceeding; (3) the prior proceeding ended in a final, valid judgment on the merits; and (4) the issue was essential to that judgment. *Id.* ¶ 9; *see also Hullett v. Cousin*, 204 Ariz. 292, ¶ 27, 63 P.3d 1029, 1034–35 (2003). Issue preclusion applies to issues of law and of fact. *See In re Gila River Sys. Water Rights*, 212 Ariz.

---

3. Because of our resolution of the issue, we need not decide if § 13–807 applies to misdemeanor convictions. *See* 1993 Ariz. Sess. Laws, ch. 255, § 99.

4. The parties disagree on the proper standard of review. The Picasos frame the issue as a pure question of law, while TUSD argues the trial court's decision involved the exclusion of evidence, and thus, an abuse of discretion standard is appropriate. As the Picasos correctly note, a trial court has no discretion to commit legal error, and thus, a de novo standard of review of this question of law is appropriate. *See Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, ¶ 10, 63 P.3d 282, 284–85 (2003).

5. The legislature added the italicized language in 1993. *See* 1993 Ariz. Sess. Laws, ch. 255, § 15.

6. The legislature has also enacted A.R.S. § 12–712, which states a defendant is not liable for

damages a plaintiff incurs as a result of the negligence or gross negligence of the defendant while the plaintiff is committing or attempting to commit a crime, a situation more akin to the present case. We held subsection (B) of this statute unconstitutional in *Sonoran Desert Investigations, Inc. v. Miller*, 213 Ariz. 274, ¶ 27, 141 P.3d 754, 761 (App.2006). But its existence further supports our conclusion that the legislature did not intend § 13–807 to apply to this situation. *See Thomas & King, Inc. v. City of Phoenix*, 208 Ariz. 203, ¶ 17, 92 P.3d 429, 434 (App.2004) ("The rules of statutory construction mandate that we harmonize provisions and avoid making language redundant.").

7. TUSD conceded at oral argument in this court that § 13–807 did not apply to this case.

64, n. 8, 127 P.3d 882, 888 n. 8 (2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 928, 166 L.Ed.2d 781, *cert. denied,* —— U.S. ——, 127 S.Ct. 931, 166 L.Ed.2d 781 (2007).

¶ 12 The Picasos first argue issue preclusion does not apply because it requires common identity of the parties to the two actions.[8] But, as TUSD notes, where a defendant in a subsequent proceeding asserts issue preclusion "defensively" against the plaintiff in that proceeding, there need not be common identity of the parties. *See Campbell,* 204 Ariz. 221, ¶ 10, 62 P.3d at 968. Here, because TUSD, the defendant, asserts issue preclusion against the Picasos, the plaintiffs, TUSD is using issue preclusion defensively. *See id.* Accordingly, common identity of the parties is not required.

¶ 13 The Picasos further argue, citing *Chaney Building Co. v. City of Tucson,* 148 Ariz. 571, 716 P.2d 28 (1986), that issue preclusion should not apply because, when a party pleads guilty to a crime, there is no actual litigation. In *Chaney,* our supreme court explained the meaning of the requirement that an issue be "actually litigated": "When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated." *Id.* at 573, 716 P.2d at 30. It then concluded that a stipulated dismissal of an action does not have preclusive effect unless the dismissal manifests the parties' intent that it be "binding as to certain factual issues." *Id.; see also Arizona v. California,* 530 U.S. 392, 414, 120 S.Ct. 2304, 2319, 147 L.Ed.2d 374 (2000) (" 'In most circumstances, it is recognized that consent agreements ordinarily are intended to preclude any further litigation on the claim presented but are not intended to preclude further litigation on any of the issues presented.' "), *quoting* 18 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice & Procedure* § 4443, at 384–85 (1981).

8. The Picasos contended at oral argument in this court that the issue was not the same in the criminal case as in the civil case. But they did not raise this argument below or in their opening brief and it is therefore waived. *See Mitchell v.*

¶ 14 The court in *Chaney* relied on a comment in the Restatement (Second) of Judgments, which provides that, "[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) of Judgments § 27 cmt. e (1982). The Restatement details the reasoning for the "actually litigated" requirement:

> There are many reasons why a party may choose not to raise an issue, or to contest an assertion, in a particular action. . . . The interests of conserving judicial resources, of maintaining consistency, and of avoiding oppression or harassment of the adverse party are less compelling when the issue on which preclusion is sought has not actually been litigated before. And if preclusive effect were given to issues not litigated, the result might serve to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus intensify litigation.

*Id.*

¶ 15 Arizona courts have applied the rationale of *Chaney* to various circumstances. *See, e.g., Garcia v. Gen. Motors Corp.,* 195 Ariz. 510, ¶¶ 10–12, 990 P.2d 1069, 1073–74 (App.1999) (ruling on motion in limine did not have preclusive effect when parties later settled case); *State ex rel. Dep't of Econ. Sec. v. Powers,* 184 Ariz. 235, 237–38, 908 P.2d 49, 51–52 (App.1995) (dissolution decree did not have preclusive effect as to paternity when dissolution obtained by default and child not involved in dissolution proceeding). But we are aware of no Arizona authority deciding whether a guilty plea in a criminal case should have preclusive effect in a later civil proceeding based on the same occurrence that led to the plea. *But cf. State v. 1810 E. Second Ave.,* 193 Ariz. 1, 6–7, 969 P.2d 166, 171–72 (App.1997) (trial court's finding at sentencing, following guilty plea, not entitled to preclusive effect because there was no actual litigation and state had no opportunity to appeal).

*Gamble,* 207 Ariz. 364, ¶ 16, 86 P.3d 944, 949–50 (App.2004) ("Generally, issues and arguments raised for the first time at oral argument on appeal are untimely and deemed waived.").

¶ 16 TUSD, citing *State v. Anderson,* 96 Ariz. 123, 392 P.2d 784 (1964), argues "Maribel's guilty plea [wa]s a full and final adjudication on the merits." In *Anderson,* our supreme court, in dealing with the issue of the right of indigent defendants to have appointed counsel, stated that "[t]he effect of a plea of guilty is the same as if the defendant had been tried before a jury and had been found guilty upon evidence covering all material facts." *Id.* at 132, 392 P.2d at 791. TUSD contends this quote from *Anderson* distinguishes this case from *Chaney,* which involved a stipulated dismissal. 148 Ariz. at 573, 716 P.2d at 30. But *Anderson* did not address issue preclusion at all, much less whether a guilty plea satisfied the actual litigation requirement for issue preclusion purposes. Accordingly, TUSD's reliance on *Anderson* is misplaced.

¶ 17 TUSD also cites *In re Marquardt,* 161 Ariz. 206, 778 P.2d 241 (1989), in support of its issue preclusion argument. In that judicial discipline case, our supreme court held that a judge convicted of a misdemeanor in Texas was bound by that conclusion in Arizona disciplinary proceedings and not entitled to argue otherwise to the court. *Id.* at 213, 778 P.2d at 248. But, even were we to treat a judicial discipline proceeding as analogous to a civil tort case, Marquardt's conviction in Texas came after a bench trial. *Id.* at 207, 778 P.2d at 242. Accordingly, *Marquardt* provides us no guidance as to whether a guilty plea should have preclusive effect.

¶ 18 Courts in other jurisdictions are divided on whether issue preclusion should prevent a party from denying the essential elements of a guilty plea in a later civil proceeding based on the same occurrence that led to the plea. Several courts have refused to give guilty pleas issue preclusive effect, although not always for the same reasons. *See Mrozek v. Intra Fin. Corp.,* 281 Wis.2d 448, 699 N.W.2d 54, ¶ 21 (2005) (guilty plea does not have preclusive effect because there is no actual litigation); *Rawling v. City of New Haven,* 206 Conn. 100, 537 A.2d 439, 445 (1988) (stating same in dictum); *Prudential Prop. & Cas. Co. v. Kollar,* 243 N.J.Super. 150, 578 A.2d 1238, 1240–41 (App.Div. 1990) (guilty plea does not have preclusive effect because there is no "full and fair litigation of the issues"); *Safeco Ins. Co. of Am. v. McGrath,* 42 Wash.App. 58, 708 P.2d 657, 660 (1985) (same); *Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842, 848 (1975) (guilty plea in criminal case admissible but not conclusive in subsequent civil proceeding); *Glens Falls Group Ins. Corp. v. Hoium,* 294 Minn. 247, 200 N.W.2d 189, 192 (1972) (same).

¶ 19 On the other hand, many courts have reached the opposite result, again varying in their reasoning. *See, e.g., Ideal Mut. Ins. Co. v. Winker,* 319 N.W.2d 289, 296 (Iowa 1982) (in declaratory judgment action by insurer, guilty plea satisfies actual litigation requirement because defendant must provide factual basis for plea); *James v. Paul,* 49 S.W.3d 678, 687 (Mo.2001) (concluding same); *Merchs. Mut. Ins. Co. v. Arzillo,* 98 A.D.2d 495, 472 N.Y.S.2d 97, 104 (1984) ("[A]lthough not actually litigated as such, the issues have necessarily been judicially determined by the plea, so that the criminal defendant is estopped to contest them in subsequent civil litigation."); *State ex rel. Leach v. Schlaegel,* 191 W.Va. 538, 447 S.E.2d 1, 4 (1994) (recognizing no actual litigation occurs in guilty plea but concluding that "application of the doctrine of collateral estoppel [wa]s quite appropriate in th[at] ... case"); *State Farm Fire & Cas. Co. v. Fullerton,* 118 F.3d 374, 381–82 (5th Cir.1997) (predicting Texas state courts would conclude guilty plea is "full and fair litigation").

¶ 20 The Restatement, consistent with its reasoning that a consent or default judgment does not have issue preclusive effect, Restatement § 27 cmt. e, takes the position that a guilty plea in a criminal case should not have preclusive effect in later civil litigation because no actual litigation occurs when a criminal defendant pleads guilty. *Id.* § 85 cmt. b. In the civil procedure treatise *Federal Practice & Procedure,* Professors Wright, Miller, and Cooper take the same position: "Just as issue preclusion should not rest on civil judgments by consent, stipulation, or default, so it should not rest on a plea of guilty." 18B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice & Procedure* § 4474.1 (3d ed.2002) (here-

after Wright).[9] Wright acknowledges that some federal courts have afforded guilty pleas issue preclusive effect, but states that "it is to be hoped that the Supreme Court will one day put an end to the present practice." *Id.*

¶ 21 We conclude that the public policy considerations set forth in both the Restatement and Wright apply to guilty pleas. Guilty pleas afford predictable outcomes for all parties involved. They also conserve judicial resources by avoiding criminal trials. *See State v. Watton,* 164 Ariz. 323, 326, 793 P.2d 80, 83 (1990) (guilty pleas "enhance judicial economy, protect the State's resources, and promote justice for defendants, victims, and the State"). The need to preserve consistency is less compelling because the guilty plea is entered by agreement and not by independent judicial determination. And, as the change-of-plea transcript in this case illustrates, defendants have many reasons to plead guilty. *See* Wright, *supra,* § 4474.1 ("A choice to manage the risks by a guilty plea should not always preclude actual litigation of the elements of the offense in a later civil action."). Accordingly, we conclude the Restatement rationale against providing preclusive effect to guilty pleas is relevant here.

¶ 22 We hold that, when a criminal defendant pleads guilty, there is no actual litigation. And because, in Arizona, actual litigation remains a necessary predicate to the application of issue preclusion under supreme court authority, *see 4501 Northpoint LP v. Maricopa County,* 212 Ariz. 98, ¶ 25, 128

P.3d 215, 219 (2006); *Hullett,* 204 Ariz. 292, ¶ 27, 63 P.3d at 1034–35, a guilty plea cannot have preclusive effect under common law issue preclusion.[10] Our decision is in accord with the Restatement, which our supreme court has cited with approval, and which we generally consult in the absence of controlling Arizona authority. *See Cunningham v. Goettl Air Conditioning, Inc.,* 194 Ariz. 236, ¶ 14, 980 P.2d 489, 492 (1999); *Ledvina v. Cerasani,* 213 Ariz. 569, ¶ 10, 146 P.3d 70, 73 (App.2006). It is also consistent with Wright, a prior version of which the United States Supreme Court cited for the proposition that consent judgments should not have issue preclusive effect. *See Arizona v. California,* 530 U.S. at 414, 120 S.Ct. at 2319. Finally, it promotes the public policy that favors plea bargains. *See Watton,* 164 Ariz. at 326, 793 P.2d at 83.

¶ 23 Cases taking the opposite position are not without merit. Allowing a convicted defendant to contest the facts underlying his or her conviction in a civil matter can evoke a visceral negative response in some circumstances. *See Ray v. Stone,* 952 S.W.2d 220, 224 (Ky.Ct.App.1997), *citing* Geoffrey C. Hazard, *Revisiting the Second Restatement of Judgments: Issue Preclusion and Related Problems,* 66 Cornell L.Rev. 564, 578 (1981). Furthermore, a conviction which is reliable enough to deprive a defendant of his or her freedom would seem to be sufficiently reliable to be taken as proven in the civil context. But our supreme court has adopted an actual litigation requirement, which guilty pleas do not fulfill. And the policy reasons

---

9. Both Wright and the Restatement envision that some form of estoppel could apply to guilty pleas. The Restatement characterizes such estoppel as "a matter of the law of evidence." Restatement § 85 cmt. b. But like the court in *Ideal Mutual Insurance Co. v. Winker,* 319 N.W.2d 289, 294 (Iowa 1982), we are unaware of any such estoppel. Wright suggests courts might apply judicial estoppel, which "offers the advantage of avowed flexibility, permitting contentions inconsistent with the plea proceedings if the defendant can offer a persuasive explanation for changing positions." Wright, *supra,* § 4474.1. But neither party raised the issue of judicial estoppel either below or here. We need not decide whether it could apply to preclude a criminal defendant from denying or explaining a guilty plea in a later civil proceeding because, under the unique circumstances of this case, we

would decline to apply it in any event. *See State v. Brown,* 212 Ariz. 225, ¶ 13, 129 P.3d 947, 950 (2006) (" 'Judicial estoppel is an equitable concept, and its application is therefore within the court's discretion.' "), *quoting* 31 C.J.S. *Estoppel and Waiver* § 139 (1996).

10. Our decision is based on common law issue preclusion and has no effect on the interpretation of A.R.S. § 13–807. As we have already discussed, that statute does not apply here. And because our legislature did not import the requirements of common law issue preclusion into that statute, *Western Agricultural Insurance Co. v. Brown,* 195 Ariz. 45, ¶ 14, 985 P.2d 530, 533 (App.1998), our decision establishes no new requirement where § 13–807 does apply.

for allowing a civil defendant who suffers a consent or default civil judgment to later contest an issue decided in the consent or default judgment equally support allowing the criminal defendant who enters a guilty plea to do so.

¶ 24 At oral argument on appeal, TUSD expressed concern that a ruling not giving preclusive effect to the defendant's guilty plea in a prior criminal case would promote and encourage those who plead guilty to a crime to file civil lawsuits arising out of the same facts. But this opinion should not be construed as an open invitation to criminals who plead guilty to sue others for the results of their own crimes. The guilty plea and the facts on which it is based are still admissible in evidence and will be sufficient to prevent recovery in most situations. But again, as this case illustrates, in some cases a civil plaintiff previously has pled guilty to avoid potentially worse criminal jeopardy, to avoid continued litigation or for other reasons, or when causation is questionable. By not giving issue preclusive effect to guilty pleas, the plaintiff will be allowed to explain why he or she pled guilty and to offer other facts concerning the events. And the jury will be allowed to determine the merits of the action, as with any other civil case. The unique facts of this case fall into this category.[11]

### Waste of Time and Confusion of Issues

¶ 25 TUSD contends we should approve the trial court's ruling on the alternative ground that allowing Maribel to explain the circumstances of her guilty plea would have "resulted in the trial of collateral issues." The court did not consider this issue in ruling on TUSD's motion in limine or during trial. However, the court, in ruling on the Picasos' motion for new trial, noted that its "decision ... to limit explanatory evidence as to why [Maribel] chose to plead guilty to the criminal charge prevented a

waste of time or confusion of the issues for the jury," apparently a reference to Rule 403, Ariz. R. Evid., 17A A.R.S. We review a trial court's decision to exclude evidence for an abuse of discretion. *See Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394, ¶ 10, 10 P.3d 1181, 1186 (App.2000). But the court abuses its discretion by committing an error of law in reaching a discretionary conclusion. *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, ¶ 10, 63 P.3d 282, 285 (2003).

¶ 26 The trial court's ruling was not merely an evidentiary one. Rather, it resolved conclusively that Maribel was negligent and a cause of Benjamin's death and led to a jury instruction to that effect. Therefore, Rule 403, allowing exclusion of evidence that would waste time or confuse the jury, cannot justify the court's broader ruling.

¶ 27 Additionally, Rule 403 does not justify the evidentiary portion of the ruling. Because Maribel should not have been precluded from relitigating or explaining the circumstances of her plea, that issue was not "collateral," and explaining the damaging evidence concerning the plea would not have been a waste of time or confusing to the jury. The evidentiary decision was based on an error of law, and thus it was an abuse of discretion. *See Twin City Fire Ins. Co.*, 204 Ariz. 251, ¶ 10, 63 P.3d at 285. Accordingly, we cannot uphold the trial court's decision based on its determination that a waste of time or confusion of issues would result.

### Offer of Proof

¶ 28 TUSD, citing Rule 103(a)(2), Ariz. R. Evid., 17A A.R.S., argues that, even if the trial court erred by precluding Maribel from denying or explaining the circumstances of the crime to which she pled guilty, the error is not reversible because the Picasos did not make an offer of proof regarding what Maribel's testimony would have been. Rule 103(a)(2) states, in relevant part, that

---

11. Courts will not apply issue preclusion "where 'there is some overriding consideration of fairness to a litigant, which the circumstances of the particular case would dictate.' " *Ferris v. Hawkins*, 135 Ariz. 329, 331, 660 P.2d 1256, 1258 (App.1983), *quoting Di Orio v. City of Scottsdale*, 2 Ariz.App. 329, 332, 408 P.2d 849, 852 (1965); *see also Hullett v. Cousin*, 204 Ariz. 292, ¶ 28, 63 P.3d 1029, 1035 (2003) (courts will not apply issue preclusion where "special circumstances" exist). We do not rest our decision on special circumstances because the parties did not brief or argue that issue. But we note that this case exhibits special circumstances which could prevent a court from applying issue preclusion.

"[e]rror may not be predicated upon a ruling which ... excludes evidence unless ... the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." "Offers of proof serve the dual function of enabling the trial court to appreciate the context and consequences of an evidentiary ruling and enabling the appellate court to determine whether any error was harmful." *Molloy v. Molloy*, 158 Ariz. 64, 68, 761 P.2d 138, 142 (App.1988).

¶ 29 The trial court's ruling, although it had the effect of excluding evidence, decided a substantive issue in the case, that Maribel was negligent and a cause of Benjamin's death, and was based on preclusion principles, not the rules of evidence. *See State v. Bay*, 150 Ariz. 112, 115–16, 722 P.2d 280, 283–84 (1986) (offer of proof not necessary where trial court's decision based on substantive law). And an offer of proof is not necessary " '[w]here the purpose and substance of the testimony is obvious, as when ... the court has ruled broadly that no evidence is admissible in support of the theory or fact sought to be established.' " *Molloy*, 158 Ariz. at 68, 761 P.2d at 142, *quoting* Morris K. Udall & Joseph M. Livermore, *Arizona Law of Evidence* § 13, at 22 (2d ed.1982) (second alteration in *Molloy*). Here, the trial court ruled that Maribel could introduce no evidence contradicting her guilty plea. And the trial court had before it the transcript of Maribel's change-of-plea hearing, which strongly indicates how Maribel would have testified. Because the trial court's ruling was broad and based on preclusion, not the rules of evidence, no offer of proof was necessary.

### Harmless Error

¶ 30 Finally, TUSD argues that any error was harmless because the Picasos had the opportunity to introduce evidence of Maribel's conduct on the day of Benjamin's death and the trial court instructed the jury that it had the "sole discretion" to determine fault and damages. We will not reverse a jury verdict unless an error that was "prejudicial to the substantial rights" of the appellant occurred. *Callender v. Transpacific*

*Hotel Corp.*, 179 Ariz. 557, 562, 880 P.2d 1103, 1108 (App.1993). We will not presume prejudice; it must appear in the record. *Dykeman v. Ashton*, 8 Ariz.App. 327, 329, 446 P.2d 26, 28 (1968).

¶ 31 In addition to the instructions TUSD mentions, the trial court also instructed the jury—based on its erroneous ruling that Maribel was precluded from denying or explaining the reasons she decided to plead guilty—that Maribel had admitted she was negligent and a cause of Benjamin's death. These are central issues in any case based on negligence. *See Hutto v. Francisco*, 210 Ariz. 88, ¶ 15, 107 P.3d 934, 937 (App.2005) (breach of duty and causation are elements of negligence claim); A.R.S. § 12–2505(A) (comparative negligence can reduce plaintiff's recovery). The trial court erroneously limited Maribel's ability to litigate these issues. And, even though the trial court did "not prevent the [Picasos] from discussing the factual details leading to the unfortunate death of their son," it did preclude Maribel from denying that she was negligent and a cause of Benjamin's death or explaining her actions or why she pled guilty. Finally, TUSD injected this error into the trial by arguing that A.R.S. § 13–807 applied, an assertion it does not attempt to support on appeal. Therefore, the trial court's ruling was "inconsistent with substantial justice," Rule 61, Ariz. R. Civ. P., 16 A.R.S., Pt. 2, and thus not harmless. *Cf. Monthofer Invs. Ltd. P'ship v. Allen*, 189 Ariz. 422, 427, 943 P.2d 782, 787 (App.1997) (directing verdict on one element of damage not harmless).

### Conclusion

¶ 32 For the foregoing reasons, we reverse the judgment and remand the case for proceedings consistent with this decision.

Concurring: JOHN PELANDER, Chief Judge and GARYE L. VÁSQUEZ, Judge.