IN THE
# SUPREME COURT OF THE STATE OF ARIZONA

BANNER UNIVERSITY MEDICAL CENTER TUCSON CAMPUS, LLC, AN
ARIZONA CORPORATION DBA BANNER UNIVERSITY MEDICAL CENTER
TUCSON; GEETHA GOPALAKRISHNAN, M.D.; MARIE L. OLSON, M.D.; EMILY
NICOLE LAWSON, D.O.; DEMETRIO J. CAMARENA, M.D.; PRAKASH JOEL
MATHEW, M.D.; SARAH MOHAMED DESOKY, M.D.; BANNER HEALTH;
BANNER UNIVERSITY MEDICAL GROUP,
*Petitioners,*

*v.*

HON. RICHARD E. GORDON, JUDGE OF THE SUPERIOR COURT
OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent,*

*and*

JEREMY AND KIMBERLY HARRIS,
*Real Parties in Interest.*

No. CV-20-0179-PR
Filed January 20, 2022

Appeal from the Superior Court in Pima County
The Honorable Richard E. Gordon, Judge
No. C20174589
**RELIEF DENIED**

Opinion of the Court of Appeals, Division Two
249 Ariz. 132 (App. 2020)
**VACATED**

COUNSEL:

Eileen Dennis GilBride (argued), Jones, Skelton & Hochuli, P.L.C., Phoenix;
and GinaMarie Slattery, Slattery Petersen PLLC, Tucson, Attorneys for
Banner University Medical Center Tucson Campus LLC, Banner University

Medical Center (Tucson), Geetha Gopalakrishnan, M.D., Marie L. Olson, M.D., Emily Nicole Lawson, D.O., Demetrio J. Camarena, M.D., Prakash Joel Mathew, M.D., Sarah Mohamed Desoky, M.D., Banner Health, and Banner University Medical Group

JoJene E. Mills (argued), Law Office of JoJene Mills, P.C., Tucson; Lawrence J. Rudd, M.D., J.D., Rudd Mediation, Pasadena, CA; and Arlan A. Cohen, M.D., J.D., Law Offices of Arlan A. Cohen, Pasadena, CA, Attorneys for Jeremy Harris and Kimberly Harris

David L. Abney, Ahwatukee Legal Office, P.C., Phoenix, Attorney for Amici Curiae Arizona Association for Justice and Arizona Trial Lawyers Association

Nicholas D. Acedo, Struck Love Bojanowski & Acedo, PLC, Chandler, Attorney for Amici Curiae Arizona Counties Insurance Pool, Arizona Municipal Risk Retention Pool, and Arizona School Risk Retention Trust, Inc.

---

JUSTICE MONTGOMERY authored the opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, JUSTICES BOLICK, LOPEZ, and BEENE, and JUDGE SAMUEL A. THUMMA joined.[1]

---

JUSTICE MONTGOMERY, opinion of the Court:

¶1 This case presents the issue of whether a vicarious liability claim against a hospital-employer is precluded because the trial court granted summary judgment dismissing medical malpractice claims against doctor-employees with prejudice. We hold that because the order of

---

[1] Justice Andrew W. Gould (Ret.) participated in oral argument but retired before the drafting or issuance of this opinion. Justice Kathryn H. King, who replaced Justice Gould, subsequently recused herself from this matter. Pursuant to article 6, section 3 of the Arizona Constitution, Judge Samuel A. Thumma, Division One, Arizona Court of Appeals, was designated to sit in this case.

dismissal here was not a final judgment on the merits, it does not have preclusive effect.[2]

I.

**¶2** Doctors jointly employed by the University of Arizona's Medical School and Banner University Medical Center Tucson Campus, LLC, an Arizona Corporation DBA Banner University Medical Center Tucson, and other Banner entities (collectively, "Banner") provided treatment to the Harrises' fourteen-month-old son. After their son's tragic death, the Harrises brought medical malpractice claims against the doctors, a vicarious liability claim against Banner based on the doctors' conduct, and direct claims of breach of contract and fraud against Banner. Because the doctors were public employees, the Harrises were required to serve each of them with a notice of claim, which they failed to do. *See* A.R.S. § 12-821.01(A). The doctors moved for summary judgment on the notice of claim issue, which the trial court granted in an unsigned minute entry dismissing them from the suit with prejudice. The court did not enter a judgment with language required by Arizona Rule of Civil Procedure 54(b) to make the ruling final and appealable.

**¶3** In a subsequent motion for summary judgment, Banner argued that the trial court's dismissal of the doctors "with prejudice" served as "an adjudication on the merits" that precluded any claim of vicarious liability against Banner for the doctors' conduct. *See* Ariz. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this Rule 41(b) ['Involuntary Dismissal; Effect'] and any dismissal not under this rule"—with exceptions not applicable here—"operates as an adjudication on the merits."). The court denied the motion.

**¶4** In doing so, the court acknowledged the "general rule" that "a judgment in favor of the servant relieves the master of any liability and that a dismissal with prejudice is the equivalent of a judgment on the merits" but found the general rule inapplicable to the facts and circumstances of this case. As part of its reasoning, the trial court

---

[2] Because our determination is made on a procedural and not a substantive basis, we do not address the underlying merits of whether a dismissal of an employee pursuant to A.R.S. § 12-821.01 precludes a claim of vicarious liability against an employer.

analogized a notice of claim statute to a statute of limitations and explicitly characterized the dismissal of the doctors as a "procedural dismissal" that "would not normally be considered an adjudication on the merits."

¶5　　　　Banner sought special action relief from the trial court's denial of its motion for summary judgment. The court of appeals accepted jurisdiction but in a divided decision denied relief, concluding that claim preclusion did not bar the vicarious liability claims against Banner under the circumstances of this case. *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 249 Ariz. 132 (App. 2020).

¶6　　　　We accepted review to consider the preclusive effect of the dismissal of claims against employees with respect to a vicarious liability claim against their employer, which is a recurring issue of statewide importance. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

¶7　　　　Following oral argument, we ordered supplemental briefing on two issues:

> 1. Does the order involuntarily dismissing the doctors "with prejudice" under Rule 41(b) . . . constitute a final judgment under Rule 54 or is the order of dismissal subject to further review and/or modification by the [trial] court?

> 2. Whether the lack of a final judgment entered with a Rule 54(b) determination reflecting the dismissal of the doctor-defendants precludes application of issue preclusion or claim preclusion at this time.

## II.

¶8　　　　"Application of issue preclusion is an issue of law, which we review de novo." *Picaso v. Tucson Unified Sch. Dist.*, 217 Ariz. 178, 180 ¶ 6 (2007). We likewise review de novo the application of claim preclusion. *Lawrence T. v. Dep't of Child Safety*, 246 Ariz. 260, 262 ¶ 7 (App. 2019).

¶9　　　　The parties acknowledge that the trial court's order dismissing the Harrises' claims against the doctors lacks the "express determination and recital" language, let alone anything akin to it, required

by Rule 54(b) to serve as a final judgment. The Harrises argue that without Rule 54(b) language the order cannot be a final judgment, and neither issue nor claim preclusion may apply. Banner argues that, because the order was entered "with prejudice," it is not necessary for the order to have Rule 54(b) language to be a final judgment and have preclusive effect.[3]

**¶10**    For issue or claim preclusion to apply, there must be a final judgment on the merits. *Kopp v. Physician Grp. of Ariz., Inc.*, 244 Ariz. 439, 442 ¶¶ 13, 14 (2018) (citing *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986), and discussing rule that for issue preclusion to apply the issue must be actually litigated and a final judgment entered); *In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69–70 ¶ 14 (2006) (noting a final judgment on the merits is required in order to assert claim preclusion).

**¶11**    A decision resolving "fewer than all" claims against all the parties in an action is a "final judgment":

> *only* if the court expressly determines there is no just reason for delay *and recites that the judgment is entered under Rule 54(b)*. If there is no such express determination and recital, any decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Ariz. R. Civ. P. 54(b) (emphasis added). The order thus cannot be a final judgment absent the necessary Rule 54(b) language; nor, in the absence of resolving all claims as to all parties, could it be a Rule 54(c) final judgment. Ariz. R. Civ. P. 54(c) ("A judgment as to all claims and parties is not final unless the judgment recites that no further matters remain pending and that the judgment is entered under Rule 54(c)."). Furthermore, absent a judge's

---

[3] The cases cited by Banner in support of this argument do not involve the finality of a dismissal order. So, it is unsurprising that, as Banner notes, "[n]ot one Arizona case involving a dismissal with prejudice of an agent has required Rule 54(b) language to preclude a vicarious claim against the principal."

signature, the order is not a judgment, final or otherwise. *See* Ariz. R. Civ. P. 58(b)(1) (providing, with an exception not applicable here, that "all judgments must be in writing and signed by a judge or a court commissioner duly authorized to do so"). For these reasons, the order dismissing the doctors is not a "final judgment" that can be used to invoke issue or claim preclusion.

¶12  Equally problematic for the application of preclusion is the trial court's statement that it did not consider the procedural dismissal of the claims against the doctors an adjudication on the merits. *See* Ariz. R. Civ. P. 41(b) (providing that an involuntary dismissal is an adjudication on the merits, with exceptions not applicable here, "[u]nless the dismissal order states otherwise"). Given that the trial court stated otherwise, the entry of summary judgment on behalf of the doctors is not an adjudication on the merits. For this reason, the order dismissing the doctors is not a judgment on the merits that can be used to invoke issue or claim preclusion.

¶13  Because there is no final judgment on the merits, the Harrises' vicarious liability claim against Banner is not precluded.

### III.

¶14  We vacate the opinion of the court of appeals and deny relief to Banner.